No. 21-3418

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: E.I. DU PONT DE NEMOURS AND COMPANY
C-8 PERSONAL INJURY LITIGATION

TRAVIS ABBOTT AND JULIE ABBOTT

Plaintiffs-Appellees,

v.

E.I. DU PONT DE NEMOURS AND COMPANY

Defendant-Appellant

On appeal from the United States District Court
for the Southern District of Ohio, Western Division
Civil Cases Nos. 2:17-cv-00998; 2:13-md-02433

REPLY IN SUPPORT OF MOTION
TO RETURN APPEAL TO PREVIOUS MERITS PANEL

The parties agree that this Court should apply its own Internal Operating Procedures in deciding the Abbotts' motion. According to those procedures, the original panel in this MDL that heard DuPont's appeal to another class member's claim (Bartlett's) should be given the discretion to determine whether to hear DuPont's substantially similar appeal of the Abbotts' case.

These procedures are particularly relevant here because after the original panel prepared for the case and heard oral argument, DuPont withdrew its appeal in what

1

the district court feared was panel shopping. Contrary to DuPont's claim, its attempts at panel shopping and gamesmanship are not the Abbott's "aspersions," *see* DuPont Resp., at 4, but are concerns directly raised by the district court, *see* DMO34, R.MDL5285, PageID128558-59; Tr., R.197, PageID9061-62. As noted in the appellees' motion (at 2), the district court had "confidence" in this Court's ability "to prevent a party from avoiding a particular panel of judges with its rule that subsequent appeals may be returned to the original panel." DMO34, MDL R.5285, PageID128558-9 (citing 6th Cir. I.O.P. 34(b)(2)). The appellees request that the Court apply that rule.

## I.    DuPont obfuscates the similarities between the *Bartlett* and *Abbott* appeals.

Though DuPont says it "takes no position" on the procedure for determining this appeal's panel, it nonetheless spends the bulk of its response again obscuring and downplaying the similarities between issues it presents in this appeal and those it presented in *Bartlett*. But DuPont's arguments only further demonstrate why the original merits panel should have the opportunity to hear the present appeal.

To start, DuPont does not and cannot contest that this MDL was organized based on DuPont's insistence that these cases involved the same core factual allegations and theories of legal liability. The district court then oversaw three different month-long trials—the first, *Bartlett*, handpicked by DuPont—through to verdict. At great expense to the judicial system and the parties, the *Bartlett* case exhaustively

2

addressed whether DuPont owed a duty of care to individuals in the *Leach* water districts, whether it breached that duty when it contaminated their drinking water, and whether it should have foreseen resulting injuries—and DuPont appealed that verdict to this Court before dismissing that appeal.

DuPont emphasizes that its estoppel claim is new on this appeal. But, of course, the estoppel claim is entangled with the fact that DuPont had a previous appeal raising the same issues, dismissed it, and then raised them again before the district court. The original panel is best situated to understand the estoppel claim because it is in many ways predicated on what happened in *Bartlett*. Indeed, the *Bartlett* panel is well acquainted with this litigation, the characteristics of C-8, DuPont's conduct contaminating of the Ohio River Valley, the underlying *Leach* Agreement, and the legal theories presented in the previous trial. It is in the best position to review these issues, and determine which are estopped.

The only arguably "new" issue in this appeal is DuPont's third and final one—regarding the statute of limitations. DuPont gives it the least attention, tacking it on at the close of its briefing. *See* DuPont Br., at 49-56. And that issue too is predicated on all the same factual and legal background of this *sui generis* MDL and Agreement with which the original panel is already familiar.

II. **DuPont's attempt to paint the evidentiary challenge in *Bartlett* as different from its evidentiary challenge in *Abbott* is misleading and mischaracterizes the record.**

As explained in our motion, the evidentiary challenges that DuPont raises in this appeal are a replica of those in *Bartlett*. DuPont challenges the same underlying evidentiary MDL orders that applied to "all cases" (*Bartlett* and *Abbott* alike), it challenges some of the same experts, it cites the same cases, and it raises the same fundamental theory that the district court's (erroneous) interpretation of the *Leach* Agreement led to improper evidentiary rules on dose-response.

DuPont uses a series of selective citations in an attempt to manufacture variance in the district court's evidentiary rulings where none exists. DuPont Resp., at 9-10. These arguments are misleading—the district court's rulings were consistent throughout. In both *Bartlett* and *Abbott*, both sides could discuss the plaintiff's relevant C-8 water exposure. Appellee Br., at 43-45. And in both cases, when DuPont tried to admit expert testimony that a class member's dose could *not* cause their Linked Diseases, the district court rejected it because it violated the *Leach* Agreement. *Id.* DuPont misleadingly argues some shift had occurred in the district court's evidentiary orders applicable to *Abbott*. DuPont Resp., at 11 (citing EMO28, R.MDL5294; EMO32, R.125). They had not. Contrary to what DuPont claims, these orders maintained the district court's stance from the beginning: DuPont could not

4

attack the plaintiffs' blood levels for the suggestion that their C-8 dose was incapable of causing their diseases.

Furthermore, the district court already addressed DuPont's false claim (at 11) that the court had "reject[ed] . . . tobacco analogies" in *Abbott* that it "previously accepted in *Bartlett* and *Vigneron*," noting that DuPont had taken the court's statements "entirely out of context." The court explained:

> The "repeated prior rulings" to which DuPont refers are three statements made by the Court: one at a discovery conference, one at a sidebar during the *Vigneron* trial, and one at pretrial conference where it reflected on causation in the tobacco litigation *Engle*-progeny cases. These statements were not "prior rulings." And, DuPont takes them entirely out of context. The statements have no application to the *Daubert* analysis currently before the Court. In any event, to the extent that the Court's statements may be construed to be incongruent with its written decisions, the decisions prevail. In those decisions the Court has excluded Dr. Cohen's causation opinions because they are both irrelevant and unreliable.

EMO 28, MDL R.5294, at PageID 128756-57 (internal citations omitted)[1]. The court's evidentiary rulings have not changed, and neither have DuPont's appellate arguments.

\* \* \*

---

[1] DuPont's remaining selective citations, *see* DuPont Br., at 10 (citing Tr., R.MDL2703, PageID41036-39), were disproved lines later in the same transcript it cites. There, the district court clarified that if DuPont's intended rebuttal questioning, *during a pretrial deposition*, was ever used in trial or conflicted with the court's consistent rulings, "then I will have to tell the jury that this is used for rebuttal only and not as substantive evidence, and that the case law already as we start is that there is a proven link by the science panel." *See* PageID41033, 41039-40.

The district court saw DuPont's ploy to return to this Court with "the exact same issues . . . before another panel" and hopefully achieve a result more favorable than the one it anticipated then. DMO34, R.MDL5285, PageID128559. Returning this appeal to the *Bartlett* panel will not only stop DuPont's gamesmanship, but it would also promote judicial integrity and efficiency.

The original panel should be able to exercise its discretion whether to hear DuPont's present appeal.

Dated: September 13, 2021                    Respectfully submitted,

                   */s/*Jon C. Conlin
                   *Counsel of Record*
                   Jon C. Conlin
                   F. Jerome Tapley
                   Elizabeth E. Chambers
                   Nina Towle Herring
                   Mitchell Theodore
                   Brett Thompson
                   Cory Watson, PC
                   2131 Magnolia Avenue
                   Birmingham, AL 35205
                   Telephone: 205-328-2200
                   Facsimile: 205-324-7896
                   C8@corywatson.com

                   Rachel Bloomekatz
                   Bloomekatz Law LLC
                   1148 Neil Avenue
                   Columbus, OH 43201
                   Telephone: 614-259-7611
                   Facsimile: 614-559-6731
                   rachel@bloomekatzlaw.com

Matthew W.H. Wessler
Linnet Davis-Stermitz
GUPTA WESSLER PLLC
2001 K Street, NW, Suite 850 North
Washington DC 20006
(202) 888-1741
matt@guptawesler.com

*Counsel for Plaintiffs-Appellees
Travis Abbott and Julie Abbott*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record through the Court's CM/ECF system on September 13, 2021.

/s/ Jon C. Conlin
*Counsel for Plaintiffs-Appellees*
*Travis Abbott and Julie Abbott*
